## United States District Court
## Central District of California

| | | | |
|---|---|---|---|
| **UNITED STATES OF AMERICA vs.** | | **Docket No.** | **CR 19-0394-FMO** |
| **Defendant** **PUHENA, INC.** | | **Social Security No.** N O N E | |
| akas: none | | (Last 4 digits) | |

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

| | MONTH | DAY | YEAR |
|---|---|---|---|
| In the presence of the attorney for the government, the defendant appeared in person on this date. | 12 | 02 | 2021 |

| | |
|---|---|
| **COUNSEL** | **Steven Toscher, Retained** |
| | (Name of Counsel) |
| **PLEA** | ☒ **GUILTY,** and the court being satisfied that there is a factual basis for the plea.   ☐ **NOLO CONTENDERE**   ☐ **NOT GUILTY** |
| **FINDING** | There being a finding/verdict of **GUILTY,** defendant has been convicted as charged of the offense(s) of:<br><br>**Count 1: Conspiracy to Launder Monetary Instruments; 18 U.S.C. 1956(h)**<br><br>**Counts 2, 3, and 4: Failure to File Report of Currency Transaction in a Non-Financial Trade or Business; 31 U.S.C. 5331 (a)(1), 5322 (b)**<br><br>**Counts 5 and 6**: **Failure to File Report of Currency Transaction in a Non-Financial Trade or Business; 31 U.S.C. 5331 (a)(1),  5322 (b)** |
| **JUDGMENT AND PROB/ COMM ORDER** | The Court asked whether there was any reason why judgment should not be pronounced.  Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of:  **twelve (12) months Probation.** |

It is the judgment of the court that defendant is sentenced on Counts One through Six of the Information to **twelve (12) months** of Probation, under the following terms and conditions:

1. As Second Amended General Order 20-04 applies to individuals, it shall be deleted from the original court order.

2. Defendant organization shall not commit another federal, state, or local crime.

3. During the period of community supervision, defendant organization shall pay the special assessment in accordance with this judgment's orders pertaining to such payment.

4. Defendant organization shall provide the Probation Officer access to any requested financial information.

5. Within 30 days from the date of this judgment, defendant organization shall designate an official of the organization to act as the organization's representative and to be the primary contact with the Probation Officer.

6. Defendant organization shall answer truthfully all inquiries by the Probation Officer and follow the instructions of the Probation Officer.

| USA vs. | PUNEHA, INC. | Docket No.: | CR 19-00394-FMO |
|---|---|---|---|

7. Defendant organization shall notify the Probation Officer ten days prior to any change in the principal business or mailing address or within 72 hours if advance notice is not possible.

8. Defendant organization shall permit a Probation Officer to visit the organization at any of its operating business sites.

9. Defendant organization shall report to the Probation Officer as directed and shall submit a truthful and complete written report within the first five days of each month.

10. Defendant organization shall be required to notify the court or Probation Officer immediately upon learning of (1) any material adverse change in its business or financial condition or prospects, or (2) the commencement of any bankruptcy proceeding, major civil litigation, criminal prosecution, or administrative proceeding against the organization, or any investigation or formal inquiry by government authorities regarding the organization.

11. Defendant organization shall notify the Probation Officer immediately of any intent to sell the organization, change the name of the organization, merge with another business entity, or otherwise dissolve and/or modify, in any form or manner, the organizational structure from its present status.

12. At any time, defendant organization shall make available to the Probation Officer all information relating to the finances, employees, shareholders and salaries of defendant and any successor or related organizations or, businesses, to include organizations that take over any part of operations as they were constituted at the time the search warrant was executed in September 2014 ("successor organization").  Should defendant organization not comply with this condition, defendant shall not be permitted to conduct business under the auspices of such organizations. Defendant organization shall ensure that each such organization enacts a compliance program, which shall be submitted to the Probation Officer.  The information made available shall include information relating to foreign bank accounts held by such organizations.

13. Defendant organization, or any successor organization, shall not accept more than $5,000 in cash from any customer per transaction, and defendant organization, or any successor organization, shall not direct or permit any of its employees to accept more than $5,000 in cash from a customer per transaction.

14. Defendant organization, or any successor organization, shall keep a log and provide it, as requested, to the Probation Officer. The log shall contain the name, address, contact information, and passport number or driver's license number of any customer of defendant organization or any successor organization, who provides any amount of cash from $500 up to the allowable amount of $5,000 to defendant or any of defendant organization's employees, as well as the amount of cash, the invoice number or transaction for which the cash was paid, the date when cash was tendered, location of transaction, and name of the employee who accepted the cash.

15. Defendant organization or any successor organization shall instruct any banks at which defendant organization or any successor organization holds business bank accounts that the banks) are not to accept cash deposits of any amount from third parties on defendant's behalf. Defendant organization shall provide proof of such instruction to the Probation Officer. Defendant organization shall inform the Probation Officer if it becomes aware of any cash deposits made into its business bank accounts by any third party.

16. Defendant organization or any successor organization shall not accept any form of payment from individuals or companies who are not customers of defendant or any successor organization.

| USA vs. | PUNEHA, INC. | Docket No.: | CR 19-00394-FMO |
|---|---|---|---|

17. Defendant organization agrees to cooperate with the Internal Revenue Service in the review of defendant organization's 2012 and 2013 income tax returns and any related corporate/entity tax returns, and will provide the Internal Revenue Service with all requested information and materials regarding these tax years within 30 days of such request.

18. Defendant organization shall truthfully and timely file and pay taxes owed related to defendant organization's 2012 and 2013 income tax returns and any related corporate/entity tax returns, and shall truthfully and timely file and pay taxes, as well as interest and penalties owed, during the period of community supervision. Further, defendant organization shall show proof the Probation Officer of compliance with this order.

Defendant shall pay to the United States a special assessment of $2,400 which is due immediately. Any unpaid balance shall be due during the period of probation, at the rate of not less than $200 per month. All fines are waived as the court finds that defendant does not have the ability to pay a fine.

The court entered a money judgment of forfeiture against defendant on June 8, 2020, which is now final and hereby incorporated by reference into this judgment.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

| December 6, 2021 | _Fernando M. Olguin_ |
|---|---|
| Date | Fernando M. Olguin, U. S. District Judge |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

| December 6, 2021 | By | /s/ G. Garcia |
|---|---|---|
| Filed Date | | Deputy Clerk |

| USA vs. PUNEHA, INC. | Docket No.: CR 19-00394-FMO |
|---|---|

The defendant must comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant must not commit another federal, state, or local crime;
2. The defendant must report to the probation office in the federal judicial district of residence within 72 hours of imposition of a sentence of probation or release from imprisonment, unless otherwise directed by the probation officer;
3. The defendant must report to the probation office as instructed by the court or probation officer;
4. The defendant must not knowingly leave the judicial district without first receiving the permission of the court or probation officer;
5. The defendant must answer truthfully the inquiries of the probation officer, unless legitimately asserting his or her Fifth Amendment right against self-incrimination as to new criminal conduct;
6. The defendant must reside at a location approved by the probation officer and must notify the probation officer at least 10 days before any anticipated change or within 72 hours of an unanticipated change in residence or persons living in defendant's residence;
7. The defendant must permit the probation officer to contact him or her at any time at home or elsewhere and must permit confiscation of any contraband prohibited by law or the terms of supervision and observed in plain view by the probation officer;
8. The defendant must work at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons and must notify the probation officer at least ten days before any change in employment or within 72 hours of an unanticipated change;
9. The defendant must not knowingly associate with any persons engaged in criminal activity and must not knowingly associate with any person convicted of a felony unless granted permission to do so by the probation officer. This condition will not apply to intimate family members, unless the court has completed an individualized review and has determined that the restriction is necessary for protection of the community or rehabilitation;
10. The defendant must refrain from excessive use of alcohol and must not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
11. The defendant must notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12. For felony cases, the defendant must not possess a firearm, ammunition, destructive device, or any other dangerous weapon;
13. The defendant must not act or enter into any agreement with a law enforcement agency to act as an informant or source without the permission of the court;
14. The defendant must follow the instructions of the probation officer to implement the orders of the court, afford adequate deterrence from criminal conduct, protect the public from further crimes of the defendant; and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

☐ The defendant must also comply with the following special conditions (set forth below).

**STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS**

The defendant must pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment under 18 U.S.C. § 3612(f)(1). Payments may be subject to penalties for default and delinquency under 18 U.S.C. § 3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed before April 24, 1996. Assessments, restitution, fines, penalties, and costs must be paid by certified check or money order made payable to "Clerk, U.S. District Court." Each certified check or money order must include the case name and number. Payments must be delivered to:

United States District Court, Central District of California
Attn: Fiscal Department
255 East Temple Street, Room 1178
Los Angeles, CA 90012

or such other address as the Court may in future direct.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant must pay the balance as directed by the United States Attorney's Office. 18 U.S.C. § 3613.

The defendant must notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence address until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. § 3612(b)(l)(F).

The defendant must notify the Court (through the Probation Office) and the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. § 3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution under 18 U.S.C. § 3664(k). See also 18 U.S.C. § 3572(d)(3) and for probation 18 U.S.C. § 3563(a)(7).

Payments will be applied in the following order:

1. Special assessments under 18 U.S.C. § 3013;
2. Restitution, in this sequence (under 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid):
   Non-federal victims (individual and corporate),
   Providers of compensation to non-federal victims,
   The United States as victim;
3. Fine;
4. Community restitution, under 18 U.S.C. § 3663(c); and
5. Other penalties and costs.

**CONDITIONS OF PROBATION AND SUPERVISED RELEASE PERTAINING TO FINANCIAL SANCTIONS**

As directed by the Probation Officer, the defendant must provide to the Probation Officer:  (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant.  In addition, the defendant must not apply for any loan or open any line of credit without prior approval of the Probation Officer.

When supervision begins, and at any time thereafter upon request of the Probation Officer, the defendant must produce to the Probation and Pretrial Services Office records of all bank or investments accounts to which the defendant has access, including any business or trust accounts. Thereafter, for the term of supervision, the defendant must notify and receive approval of the Probation Office in advance of opening a new account or modifying or closing an existing one, including adding or deleting signatories; changing the account number or name, address, or other identifying information affiliated with the account; or any other modification. If the Probation Office approves the new account, modification or closing, the defendant must give the Probation Officer all related account records within 10 days of opening, modifying or closing the account. The defendant must not direct or ask anyone else to open or maintain any account on the defendant's behalf.

The defendant must not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____
Date                Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By _____
Filed Date              Deputy Clerk

---

## FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____     _____
Defendant                             Date

_____     _____
U. S. Probation Officer/Designated Witness     Date